**Karen PETSCHE, Plaintiff,**

v.

**HOME FEDERAL SAVINGS BANK, NORTHERN OHIO, Defendant.**

No. 1:94 CV 0866.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 4, 1997.

Joseph W. Diemart, Jr., Bradric Thomas Bryan, Thomas M. Hanculak, Cleveland, OH, for plaintiff.

Nancy M. Czupik, Cleveland, OH, for defendant.

*ORDER*

NUGENT, District Judge.

This matter comes before the Court upon the Motion for Summary Judgment/Motion for Sanctions (Doc. No. 21, parts 1 & 2) filed by Defendant Home Federal Savings Bank, Northern Ohio. Plaintiff Karen Petsche brought this action against her former employer, Home Federal Savings Bank, for allegedly failing to renew her employment contract based upon her request for leave under the Family Medical and Leave Act ("FMLA"), 29 U.S.C. § 2601. The FMLA prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of, or the attempt to exercise, any right provided" under the FMLA. 29 U.S.C. § 2615(a)(1).

Rule 56(c) of the Federal Rules of Civil Procedure allows the court to grant summary judgment "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." In considering the evidence submitted by the parties, the court does not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby Inc.,* 477 U.S.

242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The court is to view all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1992). Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

Because the FMLA took effect only a few years ago, there is sparse precedent in this Circuit regarding the analysis to be employed on summary judgment in cases brought under the FMLA. In *Burress v. Sears, Roebuck & Co.,* 1996 WL 634209 (S.D.Ohio 1996), the court used the analysis that has been developed in Title VII and age discrimination cases, and this Court, absent further direction from the Sixth Circuit, agrees that this an appropriate, but not perfect, framework within which to analyze claims under the FMLA. That is, where the

plaintiff lacks direct evidence of the employer's intent to interfere with, restrain, or deny an employee the exercise of, or the attempt to exercise, any right provided under the FMLA, the court uses the burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

■ Under *McDonnell Douglas,* the plaintiff must demonstrate that he or she meets the requirements of a prima facie case. *McDonnell Douglas* requires the court to consider four factors in determining if the plaintiff has made out a *prima facie* case of discrimination: First, whether the plaintiff is a member of a protected class—i.e., whether he or she is an employee exercising, or attempting to exercise, his or her rights under the FMLA; second, whether the plaintiff suffered an adverse employment action; third, whether the plaintiff was qualified for the position he or she was performing; and, fourth, whether employees who did not exercise, or attempt to exercise, his or her rights under the FMLA were treated more favorably. *See Burress v. Sears, Roebuck & Co., supra.* If the plaintiff makes a prima facie case by meeting these requirements, the burden then shifts to the defendant to set forth some legitimate, nondiscriminatory reason for the adverse employment action it took against the plaintiff. *Id.* at 802, 93 S.Ct. at 1824. If the defendant carries that burden of production, plaintiff must then prove "by a preponderance of the evidence" that the defendant's proffered reasons were not its true reasons, but were merely a pretext for its illegal action. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). More specifically, a plaintiff must produce enough evidence that a jury could reasonably reject the employer's explanation for its decisions. *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1083 (6th Cir. 1994). To make a submissible case on the credibility of an employer's explanation, the plaintiff is "is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact,* (2) that the proffered reasons did not *actually* motivate his discharge; or (3) that they were insufficient to motivate discharge." *Id.* at

1084 (quoting *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir.1993).

■ Based on the evidence presented, the Court finds that Plaintiff has set forth a prima facie case under the FMLA. The first three elements are, for the most part, undisputed. Moreover, the record shows that the contracts of other employees with comparable sales records were maintained.

■ Turning to the reasons given for Plaintiff's discharge, Plaintiff's supervisor testified that her contract was not renewed because she was not meeting Home Federal Savings Bank's performance expectations and because he was unable to communicate with her while she was on short-term disability.

Under *McDonnell,* the Plaintiff must respond to Defendant's proffered legitimate reasons for adverse treatment with additional evidence of pretext. *See Manzer v. Diamond Shamrock Chemicals Co., supra.* at 1084. Construing the evidence in a light most favorable to Plaintiff, the nonmoving party, the Court finds that she has presented evidence sufficient to create a genuine issue of material fact that Home Federal's proffered reasons did not actually motivate the decision not to renew her contract, were insufficient to motivate the decision not to renew her contract, or had no basis in fact.

Very briefly, Plaintiff introduces evidence that she was instructed by her supervisor to spend the majority of her time out of the office, where the majority of refinance sales are made, and in the sales field drumming up new business from realtors; that her sale numbers were in line with the majority of her colleagues for the months she worked full-time during 1993; that she was never told that her performance was substandard; that her supervisor never tried to contact her while she was on disability leave; and, that she was not told that her contract would not be renewed until January 7, 1994, four days after she informed her supervisor that her projected sales for the next three months would be zero, as she would be on maternity leave in February, March and April, 1994. This court does not consider the timing of

employment decisions completely circumspect, however, when combined with a *prima facie* case and other facts, it may create, as it does in this case, a genuine issue of material fact as to whether the Defendant's proffered reasons were a pretext for not renewing Plaintiff's contract because she requested leave and would not be generating any sales for three months.

Defendant's Motion for Summary Judgment (Doc. No. 21, parts 1 & 2) is denied. Trial is set for May 13, 1997 at 8:30 a.m. Trial Order to be issued simultaneously herewith.

IT IS SO ORDERED.